# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

AMANDA UNDERWOOD,

    Plaintiff,

vs.

ANDREW SAUL, Acting Commissioner of Social Security,

    Defendant.

2:20-cv-01237-VCF

**ORDER**

MOTION TO REMAND [ECF NO. 14]; COUNTERMOTION TO AFFIRM [ECF NO. 15]

    Before the Court is plaintiff Amanda Underwood's motion for remand (ECF No. 14) and the Acting Commissioner's countermotion to affirm and response (ECF No. 15 and 16). The Court hereby grants Underwood's motion for remand and denies the Commissioner's countermotion.

## I. Standard of Review

    The Fifth Amendment prohibits the government from depriving persons of property without due process of law. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

## II. Background

    After denial of her application for Supplemental Security Income, plaintiff appeared and testified before an administrative law judge (ALJ) on July 12, 2018 (ECF No. 14). The ALJ then issued his decision on August 22, 2018, finding that the plaintiff was not disabled because she could perform a significant number of jobs. *Id.* Plaintiff subsequently filed a request for review, which the Appeals Council denied.

*Id.* Plaintiff then filed suit in this Court, challenging the ALJ's conclusions on three grounds: 1) that the ALJ improperly based his findings upon an unresolved vocational conflict, 2) that the ALJ improperly refused to give the testimony of the plaintiff's treating physician more weight than the testimony of others, and 3) that the ALJ was not properly appointed under the Constitution and lacked the legal authority to hear plaintiff's case. *Id.*

Regarding the final argument, the Commissioner does not deny that the ALJ that presided over plaintiff's hearing was not properly appointed under the Constitution. (ECF No. 15). On July 16, 2018—before the ALJ issued his decision but after plaintiff's hearing—the Social Security Administration (SSA) properly appointed all its ALJs in response to the Supreme Court's decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).

While all ALJs presiding over social security hearings since July 16, 2018 have been constitutionally appointed, the ALJ that presided over plaintiff's hearing was not, as the SSA had not yet properly appointed its ALJs in response to *Lucia*. The Commissioner argues that the plaintiff has forfeited her right to raise the Appointments Clause challenge in this Court because she did not raise it to the agency at any point during her administrative proceedings.

**III.    Discussion**

The United States Supreme Court held in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) that Securities and Exchange Commission ALJs were "Officers of the United States" under the Constitution and therefore must be appointed in accordance with the Constitution. The Court found that all decisions issued by ALJs who were not properly appointed must be reversed and remanded, to be heard by a different, properly appointed ALJ. *Id.* at 2055. Since the Supreme Court issued its decision in *Lucia*, the Social Security Administration has conceded that its ALJs must likewise be properly appointed in accordance with the Constitution. SSR 19-1p. The Commissioner does not contest that the ALJ that presided over plaintiff's

hearing was not properly appointed but claims that plaintiff cannot raise this issue for the first time at the district court level.

The Supreme Court held in *Sims v. Apfel*, 530 U.S. 103 (2000), that social security claimants do not need to raise issues before the Appeals Council to preserve them for judicial review, but expressly declined to rule on whether an issue must be raised to an ALJ. *Id.* at 107. Before *Sims*, the Ninth Circuit ruled in *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999) that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Id.* at 1115.

The Ninth Circuit then considered in *Shaibi v. Berryhill*, 883 F.3d 1102 (9th Cir. 2017) whether a claimant could challenge a vocational expert's testimony for the first time in a district court. The claimant in *Shaibi* argued that the Ninth Circuit's decision in *Meanel* had been overruled by the Supreme Court's ruling in *Sims*. *Id.* at 1109. But given the Supreme Court's express limitation that its decision in *Sims* did not reach the question of whether an issue must be brought before an ALJ, the Ninth Circuit found that its decision in *Meanel* remained good law and ordered that claimants must raise all issues and evidence at the ALJ level to preserve them. *Id.*

As both the Commissioner and the plaintiff note in their respective motions, the Ninth Circuit has not ruled on the specific issue of Appointments Clause challenges, but four other circuit courts have. The Eighth and Tenth Circuits have held that an Appointments Clause challenge must be raised at the administrative level, but the Sixth and Third Circuits have found that Appointments Clause challenges should be treated differently than other challenges and therefore need not be raised before an ALJ to be preserved for judicial review.

**A. Circuit Split Analysis**

The Sixth and Third Circuits held that Appointments Clause challenges are different than challenges to evidentiary issues and require a separate exhaustion analysis. In its holding in *Ramsey v.*

*Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020), the Sixth Circuit cited *Shaibi*, among other cases (including another, prior Sixth Circuit case), to explain why this is so. The Sixth Circuit reasoned that unlike the evidentiary issues in cases like *Shaibi*, an ALJ is not any better positioned to rule on the constitutional issue presented by an Appointments Clause challenge than a district court. *Id.* at 545. "These cases are distinguishable because an Appointments Clause challenge involves neither an exercise of discretion, nor an issue within the agency's special expertise. Rather, it involves a question of constitutional law, and…'exhaustion is generally inappropriate where a claim serves to vindicate structural constitutional claims like Appointments Clause challenges, which implicate both individual constitutional rights and the structural imperative of separation of powers.'" *Id.* at 545-46 (quoting *Cirko v. Comm'r of SSA*, 948 F.3d 148, 153 (3d Cir. 2020)). The Sixth Circuit noted the "importance" of such a constitutional claim and the strong interest in allowing claimants to adjudicate such an issue. *Id.*

The Third Circuit took a similar approach to the Sixth Circuit in its ruling in *Cirko*, 948 F.3d 148. That court held that the non-adversarial nature of ALJ hearings, coupled with the large number of claimants who are unrepresented at the ALJ level weighed against a requirement of exhausting an Appointments Clause challenge, particularly because the government interest in requiring such a claim to be raised at the ALJ level was low. *Id.* at 157 (finding that neither "deference to agency expertise [nor] opportunity for agency error correction" were implicated in Appointments Clause challenges).

As the Commissioner notes, the Eighth and Tenth Circuits have found that Appointments Clause challenges must be exhausted at the ALJ level. In *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), the Eighth Circuit held that because the SSA head "could have taken steps through ratification or new appointments to address the objection" and because there are "perverse incentives that could be created by allowing claimants to litigate benefits before an ALJ without objection and then, if unsuccessful, to secure a remand for a second chance based on an unexhausted argument about how the ALJ was appointed," such a challenge must be exhausted. *Id.* at 794–95. In *Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267 (10th Cir.

4

2020), the Tenth Circuit found exhaustion to be required because the agency head could have remedied the issue, and although ALJ hearings are non-adversarial, the court considered Appointments Clause challenges themselves to be adversarial. *Id.*

**B. Whether Appointments Clause Challenges Must Be Raised Before the ALJ**

Most district courts within this circuit that have ruled on this issue have found that plaintiffs must raise their challenge at the ALJ level. (See ECF No. 15). These courts cited to the Ninth Circuit's decision in *Shaibi,* but most of these courts analyzed *Shaibi* prior to *Ramsey*, which is an important distinction because *Ramsey* provides a compelling explanation for why constitutional issues like Appointments Clause challenges need not be exhausted at the administrative level, even in light of cases such as *Shaibi* that require all issues to be raised before an ALJ.

The Sixth Circuit pointed to its own prior cases that, like *Shaibi*, held that all issues must be exhausted at the administrative level but explained that those cases can all be distinguished as they all concerned issues particularly within the agency's expertise. The nature of an Appointments Clause challenge is substantially different than claims revolving around an exercise of the agency's discretionary power, and though *Shaibi* clearly requires those claims be exhausted, *Ramsey* demonstrates that the Appointments Clause challenge at issue here is distinguishable and should not be analyzed under *Shaibi*.

Given the reasoning in *Ramsey* as to why the *Shaibi* decision should not extend to an Appointments Clause challenge, this Court finds that allowing a claimant to bring an Appointments Clause challenge for the first time at the district court level is in line with current Ninth Circuit law.

This is consistent with *Shaibi* because the Ninth Circuit stressed that its decision was based on the underlying principle that "an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court." *Id*. The court additionally noted that in the specific case of a challenge to the testimony of a vocational expert, "the ALJ was in the best position to evaluate and resolve any conflicting evidence." *Id.* at 1110. It makes sense to require issue exhaustion for

evidentiary issues that can be best resolved by the ALJ. An Appointments Clause challenge, however, is a constitutional issue that an ALJ is in no better position to consider than a district court.

As the Ninth Circuit noted in *Shaibi*, the fundamental purpose for requiring issue exhaustion is to allow ALJs control over issues that they alone are best positioned to remedy. This is not the case when it comes to the constitutional issue of an Appointments Clause challenge, and the non-adversarial nature of ALJ hearings weighs in favor of finding against a requirement of exhaustion.

Accordingly, this Court finds that an Appointments Clause challenge need not be raised at the ALJ level to be preserved for judicial review. Because the case will be remanded on these grounds, it is unnecessary for the Court to consider plaintiff's other claims.

IT IS HEREBY ORDERED that the motion to remand (ECF No. 14) is GRANTED, and the countermotion to affirm (ECF No. 15) is DENIED.

DATED this 23 day of April 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE